**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| DRESSER-RAND COMPANY, | CIVIL CASE NO. 18-00006 |
| Plaintiff, | **ORDER** |
| vs. | |
| GUAM INDUSTRIAL SERVICES, INC., d/b/a GUAM SHIPYARD, MATHEWS POTHEN, CYNTHIA PIZARRO, MARIANAS PROPERTIES, LLC, and DOES 1 through 5, | |
| Defendants. | |

Before the court are two Motions to Dismiss, the first brought by Marianas Properties, LLC (ECF No. 30), and the second brought by Guam Industrial Services d/b/a Guam Shipyard, Cynthia Pizarro, and Mathews Pothen (ECF No. 39). For the reasons described below, both motions are **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

### A. Factual History[1]

In January 2014, the United States Navy contracted Defendant Guam Shipyard to repair the U.S.S. Frank Cable Voyage. First Amended Complaint ("FAC") at ¶ 26, ECF No. 25. Guam Shipyard subcontracted Plaintiff Dresser-Rand to perform work on that project. *Id*. at ¶ 27. Dresser-Rand fulfilled its duties under the contract, and, according to Dresser-Rand's purchase orders, the value of Dresser-Rand's work amounted to $499,051.46. *Id*. at ¶ 30. While Guam Shipyard received full payment under its contract with the U.S. Navy, Guam Shipyard paid only

---

[1] All facts within the First Amended Complaint are taken to be true. *Ashcroft v. Iqbal,* 556 U.S. 662, 698 (2009).

1

a fraction of what it owed to Dresser-Rand— $4,154. *Id*. at ¶¶ 32, 36.

Throughout 2014, Guam Shipyard's Chief Financial Officer, co-defendant Cynthia Pizarro, told Dresser-Rand that, while the Shipyard was in a "very tough" financial situation, the Shipyard had "all the good intention of settling" its debt. *Id*. at ¶ 45. Pizarro made some of these statements on behalf of Guam Shipyard's President, co-defendant Mathews Pothen. *Id*. at ¶ 47.

By January 14, 2015, Dresser-Rand had tired of waiting for Guam Shipyard to pay, so Dresser-Rand filed suit in Texas state court, as per the arbitration agreement between the parties. *Id*. at ¶¶ 17, 20. The Texas state court ordered the parties to arbitrate in Texas, which they did. *Id*. The Arbitrators awarded Dresser-Rand $769,900.96, an amount that included the original debt as well as interest and attorney's fees. FAC, Ex. C. at 11, ECF No. 25-3. The Texas state court confirmed that arbitration award and ordered Guam Shipyard to pay $806,541.59, plus accruing interest. FAC, Ex. D at 2, ECF No. 25-4. Dresser-Rand then domesticated that judgment in Guam Superior Court and obtained a Writ of Execution on October 24, 2017. FAC at ¶ 22, ECF No. 25. Guam Shipyard unsuccessfully moved to vacate that domesticated judgment. *Id*. at ¶ 23. On appeal, the Supreme Court of Guam affirmed the Superior Court of Guam's denial of Guam Shipyard's motion to vacate. *Dresser-Rand v. Guam Industrial Services, Inc.*, 2019 Guam 4.

Dresser-Rand alleges that before, during, and after the aforementioned judgments, Guam Shipyard, Pothen, and Pizarro "transferred funds to themselves or other entities—including Marianas Properties, LLC—without sufficient consideration." *Id*. at ¶ 25. These transfers "escalated in the wake of the recent judgment secured in the Guam Superior Court by Dresser-Rand against the Shipyard." *Id*. at ¶ 107. As a result of these transfers, Guam Shipyard became insolvent. *Id*. at ¶ 109. Guam Shipyard's debt to Dresser-Rand remains unpaid. *Id*. at ¶ 1.

**B. Procedural History**

On February 23, 2018, Dresser-Rand initiated the instant lawsuit. Compl., ECF No. 1. On July 31, 2018, Dresser-Rand filed its First Amended Complaint (FAC). ECF No. 25. That FAC alleges twelve counts: **(1)** Sworn Account, **(2)** Breach of Contract, **(3)** Quantum Meruit, **(4)** Promissory Estoppel, **(5)** Violation of the Prompt Pay Act, **(6)** Tortious Interference With a Contract, **(7)** Fraud and Fraudulent Inducement, **(8)** Civil Conspiracy, **(9)** Conversion, **(10)** Actual Fraudulent Transfer, **(11)** Constructive Fraudulent Transfer, and **(12)** Declaratory Judgment. *Id.*

In its Motion to Dismiss, Marianas Properties argues that all of the FAC's allegations are conclusory and lack sufficient specificity as to Marianas Properties. Mot. Dismiss, ECF No. 30. The remaining defendants—Guam Shipyard, Mathews Pothen, and Cynthia Pizarro—argue in their separate Motion to Dismiss that all of Dresser-Rand's claims are barred by the collateral attack doctrine, res judicata, and collateral estoppel. Mot. Dismiss, ECF No. 39.

While Dresser-Rand opposes dismissal of its FAC as a whole, Dresser-Rand consents to the dismissal of Counts 1-4 as to all defendants, Count 7 as to Marianas Properties, and Count 12 as to all defendants except Marianas Properties. Opp'n at 10, ECF No. 33; Opp'n at 9, ECF No. 41; Errata at 1, ECF No. 42.

## II. LEGAL STANDARDS

A pleading that states a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) permits a defendant to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted."

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**III.     DISCUSSION**

While Marianas Properties filed its Motion to Dismiss first, that motion only pertains to Marianas Properties. ECF No. 30. The remaining defendants' Motion to Dismiss, by contrast, pertains to all defendants; granting it would result in a full dismissal of this case. ECF No. 39. Accordingly, this court will first consider the latter-filed Motion to Dismiss brought by Guam Shipyard, Mathews Pothen, and Cynthia Pizarro.

**A. The Motion to Dismiss Filed by Guam Shipyard, Mathews Pothen, and Cynthia Pizarro**

Defendants argue in their Motion to Dismiss that the present lawsuit should be dismissed pursuant to the collateral attack doctrine, res judicata, and collateral estoppel. ECF No. 39. Having reviewed the parties' briefings, this court readily concludes that the collateral attack doctrine is inapplicable. As its name implies, that doctrine precludes litigants from collaterally attacking decisions rendered by other courts. *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). It is inapplicable here because Dresser-Rand does not wish to attack the Texas decisions, rendered in Dresser-Rand's favor; rather, Dresser-Rand seeks to hold additional defendants liable for Guam Shipyard's actions.

Turning to Defendants' res judicata and collateral estoppel arguments, Defendants argue that the decision from the Texas state court precludes Dresser-Rand from bringing all or parts of this lawsuit. Mot. Dismiss at 6, ECF No. 39. Throughout their briefings, Defendants and Dresser-Rand cite federal law as if it applied to these issues. *See* Mot. Dismiss, ECF No. 39; Opp'n, ECF No. 41; Reply, ECF No. 43. It does not. "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of

the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (citing *Allen v. McCurry*, 449 U.S. 90 (1980). Unfortunately for this court, the parties' briefings contain no citation to governing Texas law.

Texas law considers "res judicata" to be "the generic term for a group of related concepts concerning the conclusive effects given final judgments." *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 628 (Tex., 1992). "Within this general doctrine, there are two principal categories: (1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel)." *Id*.

### 1. Claim preclusion

Claim preclusion "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Id*. at 628. Texas has adopted "the transactional approach" to claim preclusion, "which requires claims arising out of the same subject matter to be litigated in a single lawsuit." *Hallco Texas, Inc. v. McMullen County*, 221 S.W.3d 50, 58 (Tex. 2006). The purpose of claim preclusion is to "prevent[ ] needless, repetitive litigation." *Id.*

Read liberally, Dresser-Rand's FAC contains two broad claims against the Defendants. The first claim stems from actions taken by Guam Shipyard and its officers in and around 2014, when Guam Shipyard refused to pay Dresser-Rand for the work Dresser-Rand performed. The Arbitrators in Texas conclusively determined that Guam Shipyard is liable for breach of contract due to its actions and inactions during that time. *See* FAC, Ex. C, ECF No. 25-3. Most of the remaining counts in the FAC—that is, the counts that Dresser-Rand has not stipulated to dismiss—are substantively identical to the breach of contract claim within the prior decision. Namely, **Count 5** (Violation of the Prompt Pay Act), **Count 6** (Tortious Interference With a Contract), **Count 7** (Fraud and Fraudulent Inducement), **Count 9** (Conversion), and **Count 12**

5

(Declaratory Judgment) are all differently-worded variations of the same underlying claim—that Guam Shipyard breached its contract with Dresser-Rand. FAC, ECF No. 25. All of the facts alleged within these counts relate to actions that the Defendants took in or around 2014. Dresser-Rand has not alleged that new facts have emerged since the Arbitrators rendered their decision. Thus, while the current action alleges additional counts and additional defendants not contained within the prior preceding, the aforementioned counts are "related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr*, 837 S.W.2d at 628. Accordingly, Texas's claim preclusion doctrine requires dismissal of those counts.

However, Dresser-Rand's FAC also contains a claim against the defendants that stems from a wholly new set of facts. According to the FAC:

> [S]ince the time of taking judgment in Texas and then in the Superior Court of Guam, the defendants, and each of them, have continued to take actions to fraudulently convey and divert assets away from the Shipyard and to themselves and other business, which they own, control, or have interests in, in order to avoid the $806,541.59 judgment against the Shipyard and in favor of Dresser-Rand.

FAC at ¶ 58, ECF No. 25. Unlike the bulk of Dresser-Rand's FAC, this allegation does not concern Guam Shipyard's original breach of contract. Rather, these alleged facts point to illegal actions Guam Shipyard or its officers took to avoid paying judgments rendered against it. Read liberally, these factual allegations relate to **Count 8** (civil conspiracy), **Count 10** (Actual Fraudulent Transfer) and **Count 11** (Constructive Fraudulent Transfer). FAC, ECF No. 25. Given that these counts pertain to facts that occurred *after* the Texas action, Dresser-Rand could not have been expected to raise them in the prior arbitration proceeding. Accordingly, because these counts do not "arise out of the same subject matter" as that involved in the prior arbitration, the claim preclusion doctrine does not prevent Dresser-Rand from bringing them now. *See Hallco Texas, Inc.*, 221 S.W.3d at 59.

### 2. Issue Preclusion

"Collateral estoppel, or *issue* preclusion, is more narrow than res judicata in that it only precludes the relitigation of identical issues of facts or law that were actually litigated and essential to the judgment in a prior suit." *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985). "Thus, unlike the broader res judicata doctrine, collateral estoppel analysis does not focus on what could have been litigated, but only on what was actually litigated and essential to the judgment." *Id*. at 384. The purpose of this doctrine is to "promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgment by precluding the relitigation of issues." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

Texas has established three elements of issue preclusion: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Id.* "Strict mutuality of parties is no longer required." *Id*. "To satisfy the requirements of due process, it is only necessary that the party *against whom* the doctrine is asserted was a party or in privity with a party in the first action." *Id*. at 802.

While issue preclusion would likely bar relitigation of the breach-of-contract issue, this court need not further consider this matter, as the court has already concluded that claim preclusion applies to that claim. As to the FAC's second claim—that the defendants conspired or succeeded in fraudulently transferring Guam Shipyard's assets—it is clear that the issue of fraudulent transfer (or conspiracy to effect one) was not litigated during the Arbitration proceeding. FAC, Ex. C, ECf No. 25-3. The Arbitration Award contains no mention of fraudulent transfer. *Id*. Accordingly, issue preclusion does not require the dismissal of Counts 8, 10, and 11.

For the foregoing reasons, the Motion to dismiss brought by Guam Shipyard, Pothen, and

Pizarro is **GRANTED IN PART**. Counts 1-7, 9, and 12 are **hereby dismissed** as to those Defendants.[2]

### B. The Motion to Dismiss Filed by Marianas Properties

In its Motion to Dismiss, Marianas Properties argues that all allegations against it are generalized and not sufficiently specific to meet the *Twombly-Iqbal* standard. Mot. to Dismiss at 2-3, ECF No. 30. For the reasons described above, this court will dismiss Counts 1-7, 9, and 12 as to Marianas Properties. This court will restrict its analysis to the counts that have survived the other Defendants' motion to dismiss, i.e., Counts 8, 10, and 11.

Regarding Count 8, Civil Conspiracy, Marianas Properties argues that the FAC fails to allege the elements of a conspiracy to convert property of another. *Id*. at 4. In opposition, Dresser-Rand contends that its claim of Civil Conspiracy is not limited to the underlying Conversion count (which this court has dismissed). Opp'n at 8, ECF No. 33. Rather, says Dresser-Rand, it is also alleging that Defendants conspired to fraudulently transfer Guam Shipyard's funds, with the intention of causing the Guam Shipyard's insolvency, in order to avoid paying the judgments rendered against it. *Id*. Regarding Counts 10 and 11, Actual Fraudulent and Constructive Fraudulent Transfers, Marianas Properties argues that the FAC's "assertions are conclusory," and "the assets transferred are not identified." Mot. to Dismiss at 5-6, ECF No. 30.

According to the FAC, Marianas Properties is owned by Mathews Pothen. FAC at ¶ 9, ECF No. 25. "Marianas Properties, LLC, is the Shipyard's alter ego." *Id.* "Marianas Properties, LLC and the Shipyard have failed to observe corporate formalities, commingled assets, and Marianas Properties, LLC has benefitted from funds taken from the Shipyard without consideration and thereby depriving Dresser-Rand of the amounts owed to it under its contract

---

[2] Co-defendant Marianas Properties has not joined the other Defendants' Motion to Dismiss.

8

with the Shipyard and the Texas and Guam judgments." *Id*.

In essence, the FAC is alleging either (1) that Marianas Properties is the alter ego of Mathews Pothen, so it is liable for Pothen's actions in this case, or (2) that Pothen agreed with Marianas Properties to fraudulently transfer Guam Shipyard's assets to Marianas Properties. Albeit sparse, these allegations are sufficient to implicate Marianas Properties within the alleged scheme to fraudulently transfer money that Guam Shipyard owed to Dresser-Rand.

Accordingly, the Motion to Dismiss brought by Marianas Properties is **GRANTED IN PART.** For the reasons described in section **(A)** of this Discussion, Counts 1-7, 9, and 12 are **hereby dismissed** as to Marianas Properties.

### IV. CONCLUSION

Boiled down to its essentials, Dresser-Rand's FAC contains two claims against the Defendants. The first claim—that Guam Shipyard breached its contract with Dresser-Rand—was conclusively decided in a prior Arbitration award, which was confirmed by a Texas state court. Dresser-Rand is precluded from relitigating that claim. Given that **Counts 1-7**, **9**, and **12** essentially allege breach of contract, those Counts are **DISMISSED** as to all Defendants.

However, Dresser-Rand's second claim alleges illegal activity that took place after the events decided in Texas. The Counts related to this claim—**Counts 8, 10, and 11**—survive the Defendants' Motions to Dismiss.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Aug 29, 2019**